FILED

2025 May-20  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **MELISSA MAZE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  2:24-cv-1161-ACA** |
| | ) | |
| **MIDLAND CREDIT** | ) | |
| **MANAGEMENT, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION</u>

After Defendant Midland Credit Management, Inc. notified Plaintiff Melissa Maze that it had acquired a defaulted debt of hers, Ms. Maze wrote Midland a letter stating that she did not want to receive letters or communications at her home and she did not want Midland to send her any further information. Midland responded by sending a letter to Ms. Maze's home stating that it understood she was inquiring or requesting documentation about the debt and inviting her to provide more information about her dispute. Ms. Maze alleges that Midland's letter violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, in four ways: (1) by communicating with her at a place Midland knew was inconvenient, in violation of § 1692c(a)(1) ("Count One"); (2) by engaging in harassing, oppressive, or abusive conduct, in violation of § 1692d ("Count Two"); (3) by using a false representation in connection with the collection of a debt, in violation of § 1692e

("Count Three"); and (4) by engaging in unfair or unconscionable means to collect a debt, in violation of § 1692f ("Count Four"). (Doc. 16 ¶¶ 109–40).

Midland moves to dismiss the complaint, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. (Doc. 21). The court **WILL GRANT IN PART** and **WILL DENY IN PART** the motion to dismiss. Because the conduct Ms. Maze describes does not rise to the level of harassing, oppressive, or abusive conduct, the court **WILL DISMISS** Count Two. And because Ms. Maze's response to the motion withdraws her claim under § 1692f (doc. 27 at 29), the court **WILL DISMISS** Count Four without further discussion. However, the court **WILL DENY** the motion to dismiss Count One because Ms. Maze plausibly alleges that Midland communicated with her at her home despite knowing it was an inconvenient place, and the court **WILL DENY** the motion to dismiss Count Three because a factfinder could find that Midland's letter contained a false representation.

## I.    BACKGROUND

At this stage, the court must accept as true the factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). The court may also consider documents a plaintiff attaches to a complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

In October 2021, Midland wrote Ms. Maze a letter notifying her that it had acquired a credit card account of hers with a past due balance of $403.34. (Doc. 16-2 at 4–12). That letter did not request payment and expressly stated that it was not attempting to collect a debt. (*Id.* at 4).

In response, Ms. Maze sent Midland a letter disputing all debts Midland claimed she owed, stating that she did not want Midland to send her mail at her home address, and informing Midland that the only convenient ways to communicate with her were by text and email:

> I do <u>NOT</u> want you to send me any information—I simply want you to know that I dispute any debts you claim to have on me. This is not a request for validation or verification. I am not interested in you sending me any documentation. I'm trying to be clear—do not send me any documentation through the mail as receiving mail from you (especially at my home address below) is inconvenient to me.

> If you want to communicate with me, there are only two convenient ways I want you to communicate with me—text and email. All other ways are inconvenient, and I do not want you to communicate with me in any way other than email or text.

(Doc. 16-1; *see also* doc. 16 ¶¶ 22–25).

Midland mailed to Ms. Maze's home address a letter stating that it understood she was "inquiring about or requesting documentation about the accuracy of our records concerning this account." (Doc. 16-2 at 1; doc. 16 ¶ 37). Midland stated that it had "concluded that [its] information is accurate" and requested that she send a "[w]ritten explanation and documentation demonstrating any errors in [her] account

information." (Doc. 16-2 at 1). The letter also listed a "[c]urrent [b]alance" of $403.34 and other information about the debt. (*Id.* at 1). At the bottom of the first page, Midland wrote "[i]n the meantime, as previously requested by you, [Midland] will no longer be contacting you regarding this account by phone or in writing unless required by law or you request that we resume communications." (*Id.*). The second page provided an address to which Ms. Maze could send payments and notified her that "this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." (*Id.* at 2).

## II.    DISCUSSION

Midland moves to dismiss Ms. Maze's amended complaint. (Doc. 21). To survive a Rule 12(b)(6) motion, a party must "plead 'a claim to relief that is plausible on its face.'" *Butler*, 685 F.3d at 1265 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although Midland addresses each claim separately, it first makes one argument applicable to every claim: that the letter it sent was not "in connection with the collection of any debt." (Doc. 26-1 at 10–17, 23–24, 26). The court will begin with that argument before turning to the claim-specific arguments.

1.    "In Connection with the Collection of Any Debt"

Ms. Maze brings claims under 15 U.S.C. §§ 1692c, 1692d, and 1692e. (Doc. 16 ¶¶ 109–132; *see* doc. 27 at 29). Each provision prohibits specified conduct by a debt collector "in connection with the collection of any debt." 15 U.S.C. §§ 1692c(a), 1692d, 1692e. Midland contends that its November 2023 letter to Ms. Maze was not "in connection with the collection of any debt" because Midland sent it in response to Ms. Maze's letter and it contained no demand for payment, did not list a payment amount, did not threaten any consequences for failure to pay, and stated Midland would no longer communicate with Ms. Maze about the debt. (Doc. 26-1 at 10–16; *see also id.* at 16–17, 23–24, 26). Ms. Maze responds that Midland's letter attempted at least in part to collect a debt because it contained an implicit demand for payment by listing the amount owed, disclosing that Midland is a debt collector attempting to collect a debt and that any information Ms. Maze provided would be used for that purpose, and providing information about where to send payments. (Doc. 27 at 5–18).

The language "in connection with the collection of any debt" requires "a nexus between the communication and the collection of a debt." *Daniels v. Select Portfolio Servicing, Inc.*, 34 F.4th 1260, 1267 (11th Cir. 2022). The Eleventh Circuit has explained that the relevant question is "whether the challenged conduct is related to a debt collection, i.e., is an attempt to collect a debt." *Id.* (quotation marks omitted).

A letter is "in connection with" the collection of a debt if it makes even an implicit demand for payment. *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1303 n.2 (11th Cir. 2014). In *Caceres*, the Eleventh Circuit found an implicit demand for payment when the letter stated the amount owed, described the method of payment by certified funds, gave the phone number and address to which payment was "obviously contemplated," and stated that the purpose of the letter was to collect a debt. *Id.*

More recently, the Eleventh Circuit found that a plaintiff plausibly alleged that mortgage statements were communications "in connection with" the collection of a debt because the statements described themselves as attempts to collect a debt, disclosed that all information obtained would be used for that purpose, listed amounts due and late fee information, and attached a payment coupon with instructions to return both the coupon and a payment by a certain date. *Daniels*, 34 F.4th at 1268. The Eleventh Circuit highlighted the fact that, although "some portions of the statements could have been for informational purposes . . . . a communication can have dual purposes." *Id.*; *see also Lamirand v. Fay Servicing, LLC*, 38 F.4th 976, 979 (11th Cir. 2022) ("A communication has the necessary nexus to debt collection under the FDCPA if it conveys information about a debt and its aim is at least in part to induce the debtor to pay.") (quotation marks omitted); *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012)

(holding that a communication was "in connection with" the collection of a debt when it had the dual purposes of giving the debtor notice of a foreclosure and demanding payment on the underlying debt).

The letter Midland sent to Ms. Maze listed a "current balance," requested that Ms. Maze respond with a written explanation and documentation demonstrating any errors in her account information, stated that Midland was a debt collector attempting to collect a debt and that any information obtained would be used for that purpose, and gave Ms. Maze the address at which she could send payments to Midland. (Doc. 16-2 at 1–2). Although the letter made no express demand for payment, it is enough like the letter in *Caceres* to find that it made an implicit demand, even if it also served an informational purpose. (*See id.*); *see, e.g.*, *Caceres*, 755 F.3d at 1303 n.2. The court will not dismiss any of the claims on the ground that Midland's letter was not "in connection with the collection of any debt." The court therefore turns to Midland's claim-specific arguments.

## 2.    Count One (Violation of § 1692c)

Section 1692c prohibits debt collectors from communicating "with a consumer in connection with the collection of any debt . . . at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer." 15 U.S.C. § 1692c(a)(1).

In Count One, Ms. Maze asserts that Midland violated § 1692c by communicating with her at her home after she had notified Midland that communications sent to her home were inconvenient. (Doc. 16 ¶¶ 109–116). Midland contends that Count One fails because the FDCPA does not require it to comply with Ms. Maze's preference for receiving communications by email or phone instead of by letter. (Doc. 26-1 at 7–10).

Ms. Maze informed Midland that communicating with her at her home was inconvenient *and* that communicating with her by mail was inconvenient. (Doc. 16-1 at 2). Although Midland focuses on the second instruction (not to communicate with her by mail), Count One is based on the first instruction (not to communicate with her at her home). (*See* doc. 16 ¶¶ 109, 111–13). Specifically, the claim asserted in Count One is not that Midland violated § 1692c by sending Ms. Maze a letter (as opposed to a text message or email), but instead that Midland violated the statute by sending a letter *to her home*. (*See id.*). Accordingly, Midland's focus on the second instruction—not to communicate with Ms. Maze by mail—is misplaced.

Ms. Maze makes arguments about the impact of a regulation interpreting the meaning of the word "place" in § 1692c(a)(1). (Doc. 27 at 18–20). The court owes no deference to a regulation's interpretation of a statute. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 392 (2024) ("[A]gency interpretations of statutes . . . are not entitled to deference.") (emphasis omitted). However, a person's home is a

"place." *See* Place, Webster's Third New Int'l Dictionary of the English Language Unabridged (1976) ("[P]hysical environment."). And Count One alleges that, despite Ms. Maze's instruction to Midland that receiving communications at her home was inconvenient, Midland sent a letter there. (Doc. 16 ¶¶ 109, 111–13). Those allegations are sufficient to show a violation of § 1692c(a)(1), which prohibits debt collectors from communicating "with a consumer in connection with the collection of any debt . . . at . . . a . . . place known . . . to be inconvenient to the consumer." Accordingly, the court **WILL DENY** Midland's motion to dismiss Count One.

### 3.    Count Two (Violation of § 1692d)

Section 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." The section then provides a non-exhaustive list of conduct that violates the section, including threats of violence, use of obscene or profane language, publication of consumers who refuse to pay debts, advertisement for sale of debts to coerce payment, or repeatedly or continuously causing a telephone to ring or engaging in telephone conversations. 15 U.S.C. § 1692d. Regulation F reiterates § 1692d's statutory language and further provides, in relevant part, that a debt collector's use of a medium of communication that a person has requested the debt collector not use is "conduct the natural consequence of which is to harass, oppress, or abuse." 12 C.F.R. § 1006.14(a), (h)(1).

In Count Two, Ms. Maze asserts that Midland violated § 1692d by sending a letter despite her instruction not to communicate with her by mail because Regulation F permits her to elect the form of media a debt collector may use to communicate. (Doc. 16 ¶¶ 117–25; *see also* doc. 27 at 22–24). Midland contends that Count Two fails because (1) the letter was informational and did not constitute harassing, oppressive, or abusive conduct; (2) Regulation F does not provide a private right of action; and (3) Midland did not violate Regulation F in any event. (Doc. 26-1 at 16–22).

The court pretermits extended discussion about Regulation F. Ms. Maze does not assert a private right of action based on a violation of Regulation F, but instead a claim that by violating Regulation F, Midland violated § 1692. (*See* doc. 16 ¶¶ 117–25; doc. 27 at 22–24). But as stated above, "agency interpretations of statutes . . . are not entitled to deference." *Loper Bright Enters.*, 603 U.S. at 392 (emphasis omitted). Accordingly, to the extent Regulation F interprets § 1692d in a way inconsistent with the court's interpretation of the statutory language, the court disregards it. The relevant question here is whether Midland engaged in "conduct the natural consequence of which is to harass, oppress, or abuse" by sending a single letter to Ms. Maze after she indicated that she did not want to receive communications by mail. 15 U.S.C. § 1692d. It did not.

"[C]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances make[ ] [her] relatively more susceptible to harassment, oppression, or abuse." *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985). But "embarrassment, inconvenience, and further expense" are commonplace consequences of debt collection that do not necessarily cause a person to feel harassed, oppressed, or abused. *Id.* (quotation marks omitted). Instead, conduct violating § 1692d "must manifest a tone of intimidation." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1305 (11th Cir. 2015) (quotation marks omitted). For example, a letter threatening a lawsuit does not, by itself, violate § 1692d. *Jeter*, 760 F.2d at 1178–80. Nor does a sworn statement filed during litigation, if it does not "represent the type of coercion and delving into the personal lives of debtors that the FDCPA in general, and § 1692d in particular, was designed to address." *Miljkovic*, 791 F.3d at 1305 (alteration accepted; quotation marks omitted).

The letter Midland sent to Ms. Maze may have been inconvenient, but nothing in the letter "manifest[ed] a tone of intimidation" or was otherwise coercive or invasive. *See id.* Harassment, oppression, or abuse are not "natural consequence[s]" of sending a single letter to a person's home, absent something in the letter that would harass, oppress, or abuse the person. *See* 15 U.S.C. § 1692d; *see, e.g.*, *Miljkovic*, 791 F.3d at 1305–06; *Jeter*, 760 F.2d at 1178–80. In any event, Ms. Maze

does not contend that anything in the letter was intimidating, and her only allegations about feeling harassed, oppressed, or abused are entirely conclusory. (*See* doc. 16 ¶¶ 117–25; doc. 27 at 22–24); *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) ("[C]onclusory statements are insufficient" to state a claim) (quotation marks omitted). Accordingly, the court **WILL GRANT** Midland's motion to dismiss Count Two for failure to state a claim.

4.    Count Three (Violation of § 1692e)

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The use of 'or' in § 1692e means that . . . a representation by a 'debt collector' must merely be false, or deceptive, or misleading. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed." *Bourff v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012); *see also Santos v. Healthcare Revenue Recovery Grp., LLC*, 90 F.4th 1144, 1153 (11th Cir. 2024) ("The ordinary use of 'or' is almost always disjunctive, and the words it connects are to be given separate meanings.") (emphasis and some quotation marks omitted).

Determining whether a communication is false, misleading, or deceptive requires the court to "employ the 'least-sophisticated consumer' standard." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193–94 (11th Cir. 2010) (quoting *Jeter*,

760 F.2d at 1175–77). However, even "[t]he least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Id.* at 1194 (quotation marks omitted).

In Count Three, Ms. Maze alleges that Midland violated § 1692e by misrepresenting and mischaracterizing her letter—which instructed Midland not to send her any information and stated that she did not want validation or verification of the debt—as (1) an inquiry about the accuracy of Midland's records and (2) a request for documentation. (Doc. 16 ¶¶ 126–32; *see* doc. 16-1 at 2; doc. 16-2 at 1). Midland contends that Count Three fails because its letter contained no false representations, and even if any representations were false, they were not material. (Doc. 26-1 at 22–26). Ms. Maze replies that the FDCPA does not have a materiality requirement. (Doc. 27 at 24–28).

Taken in the light most favorable to Ms. Maze, Midland's letter contained a false representation. At the time of the passage of the FDCPA, Black's Law Dictionary primarily defined "false" to mean "[n]ot true," with secondary definitions including "contrary to fact" and "erroneous." False, Black's Law Dictionary (4th rev. ed. 1968); False, Black's Law Dictionary (5th ed. 1979). The dictionary also provided definitions that incorporated intentionality or intent to deceive. *See* False, Black's Law Dictionary (4th rev. ed. 1968) ("[A]ssumed or designed to deceive";

"deceitful; deliberately and knowingly false"; "designedly untrue."); False, Black's Law Dictionary (5th ed. 1979) (same). But the Eleventh Circuit has already held that, because the statutory language lists representations that are "false, deceptive, *or* misleading," 15 U.S.C. § 1692e (emphasis added), the term "false representation" does not require a showing of deceptiveness or misleadingness. *Bourff*, 674 F.3d at 1241.

Indeed, the Eleventh Circuit has referred to § 1692e as a "strict liability statute." *LeBlanc*, 601 F.3d at 1190 ("The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute."); *see also Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011) ("The FDCPA typically subjects debt collectors to liability even when violations are not knowing or intentional."). The court notes as well that the FDCPA creates an affirmative defense for debt collectors who make inadvertent false representations: "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). The inclusion of this defense implies that the cause of action includes unintentionally false representations. *See id.*; *cf. Jerman v. Carlisle, McNellie, Rini, Kramer &*

*Ulrich LPA*, 559 U.S. 573, 594 (2010) ("[Defendants] can, of course, invoke § 1692k(c) for violations resulting from qualifying factual errors.").

Bearing in mind that a "false representation" is a representation that is untrue, Ms. Maze's letter to Midland explicitly told Midland that she did not want Midland to send her any information, validation, or verification (doc. 16-1 at 2), and Midland's letter in response stated that it understood Ms. Maze was "inquiring about or requesting documentation about the accuracy of [its] records concerning this account" (doc. 16-2 at 1). Accordingly, taken in the light most favorable to Ms. Maze, Midland's representation that it understood her letter to inquire about or request documentation about the debt was untrue.

Midland argues that even if anything in its letter was false, any false statement was immaterial, with "materiality" meaning that it "affected [the plaintiff's] decision-making process" or that it could "have misled even the least-sophisticated consumer." (Doc. 26-1 at 24–26) (quotation marks and emphasis omitted). It draws the materiality requirement from non-binding district court and extra-circuit decisions. (*See id.*). Eleventh Circuit precedent forecloses this argument. *See Bourff*, 674 F.3d at 1241 ("A false representation in connection with the collection of a debt is sufficient to violate the FDCPA facially, even where no misleading or deception is claimed.").

Even if the court accepted that the phrase "false representation" implied a materiality requirement, Midland's response actively invited Ms. Maze to respond with a "[w]ritten explanation and documentation demonstrating any errors in your account information" based on its purported understanding (or misunderstanding) about the purpose of her letter. (Doc. 16-2 at 1). The least sophisticated consumer faced with that invitation may have accepted and responded, thereby changing her behavior based on Midland's representation about its understanding of her letter. *See LeBlanc*, 601 F.3d at 1193–94. Accordingly, the court **WILL DENY** the motion to dismiss Count Three.

### III.    CONCLUSION

The court **WILL GRANT IN PART** and **WILL DENY IN PART** Midland's motion to dismiss the complaint. The court **WILL GRANT** the motion with respect to Counts Two and Four and **WILL DISMISS** those claims **WITH PREJUDICE**. The court **WILL DENY** the motion with respect to Counts One and Three. The court will enter a separate order consistent with this opinion.

The court **LIFTS** the stay of the scheduling order and **WILL ENTER** an amended scheduling order extending deadlines by the amount of time the case was stayed.

**DONE** and **ORDERED** this May 20, 2025.

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE